**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JEREMY GRAVES**                                                                **PLAINTIFF**

**V.**                                    **No. 4:25-CV-00759-KGB-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner**                                                              **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States Chief District Judge Kristine G. Baker. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

On February 14, 2022, Mr. Jeremy Graves filed an application for benefits due to neuropathy, lumbar spine issues, and sleep apnea. *Tr. 42, 206.*

Mr. Graves' claim was denied initially and upon reconsideration. At Mr. Graves' request, an Administrative Law Judge ("ALJ") held a hearing on February 5, 2024, where the ALJ heard testimony from Mr. Graves and a vocational expert ("VE"). *Tr. 57-98.* On April 26, 2024, the ALJ issued a decision finding that Mr. Graves was not disabled. *Tr. 42-51.* The Appeals Council denied Mr. Graves'

1

request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 29-31.*

Mr. Graves, who was forty-five years old at the time of the hearing, has a high school education and past relevant work experience as an engineering tech and an electrical technician. *Tr. 50, 61, 93-94.*

## II.   The ALJ's Decision[1]

The ALJ found that Mr. Graves had not engaged in substantial gainful activity since the alleged onset date of May 1, 2021. *Tr. 44.* The ALJ also concluded that Mr. Graves had the following severe impairments: peripheral neuropathy, degenerative disc disease, lateral epicondylitis, and chronic pain syndrome. *Tr. 45.* However, the ALJ concluded that Mr. Graves did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

According to the ALJ, Mr. Graves had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) occasional

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

stooping, crouching, bending, kneeling, and crawling; and (2) frequent fingering and handling. *Tr. 46.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Graves could perform, including escort-vehicle driver, table worker, and label cutter. *Tr. 51, 95.* Accordingly, the ALJ determined that Mr. Graves was not disabled.

## III.  Discussion

### A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.    Mr. Graves' Argument for Reversal

Mr. Graves contends that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to evaluate the side effects of his medications. *Doc. 5.* After carefully reviewing the record as a whole, I recommend affirming the Commissioner.

### C.    Analysis

Mr. Graves asserts that "there is no indication that ALJ considered the side effects of Lyrica in formulating the RFC" and "no side effects were included in the hypothetical questions presented to the vocational expert at the hearing." *Id.*

Essentially, Mr. Graves disagrees with the ALJ's analysis of his subjective complaints. However, the Court normally should defer to an ALJ's assessment of the claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional

4

restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective allegations may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ recognized that Mr. Graves "related that his medication side effects include brain fogginess (resulting in memory problems) and jitteriness." *Tr. 46.* However, the ALJ concluded that Mr. Graves' "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Tr. 47.* The ALJ's findings properly relied on the record, which repeatedly provides that Mr. Graves suffered no memory loss, and his short-term memory was intact. *Tr. 328, 342, 349, 355, 361, 368, 489.*

Additionally, neither state agency examiner indicated that Mr. Graves would have restrictions related to the alleged side effects of these medications. One examiner found Mr. Graves' claims only "partially consistent" with the objective medical evidence, noting that Mr. Graves could "remember instructions without

limitation." *Tr. 103, 105.* The other examiner flagged an "internal inconsistency" with Mr. Graves' alleged memory issues, since he was able to (1) "follow instructions . . . independently with detailed and relevant answers" while completing forms; (2) "follow[] both written and spoken instructions"; (3) "schedule, remember[,] and keep appointments"; and (4) "independently follow[] treatment advice." *Tr. 110.*

Mr. Graves points out that some medical providers mentioned the potential side effects of his medications. The ALJ addressed the doctors' findings and noted that they were inconsistent with the treatment records and Mr. Graves' activities of daily living. *Tr. 49.*

The issue before the Court is not whether substantial evidence supports Mr. Graves' claims, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Graves' complaints and the record.

Mr. Graves also argues that the ALJ's hypotheticals to the VE did not include the alleged side effects from his medications. However, an ALJ is "not required to

6

ask the vocational expert hypotheticals addressing . . . limitations [that] were [deemed] not credible." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018). An ALJ should include "only those impairments and limitations he found to be supported by the evidence as a whole in his hypothetical to the vocational expert." *Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011). Here, the ALJ's hypotheticals properly included only the impairments that the ALJ believed were credible and supported by the evidence.

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Mr. Graves' claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 27 April 2026.

_____
UNITED STATES MAGISTRATE JUDGE

7